GEORGE R. KIMMEL ET AL., APPELLEES, V. JOHN
SCOTT ET AL., APPELLANTS.

[FILED MAY 18, 1892.]

Conveyances: IMPERFECT TITLE: SET-OFF: RESCISSION. A vendor
sold to B two lots in a subdivision of Lincoln for $975, one
being a corner lot and valued at $550, and the other adjoining
was valued at $425.   The corner lot had previously been sold to
A and a contract executed under which she had taken posses-
sion and erected a dwelling and was residing thereon, but it was
claimed by the vendor that A had forfeited her rights by failing
to make payments.   These facts were known to the agent of B,
but he made no inquiry of the occupant as to her rights, but took
a conveyance of both of said lots, in which conveyance the house
of the occupant was accepted.   Afterwards the occupant was
decreed to be the owner of the corner lot.   *Held,* In an action to
foreclose the mortgage for part of the purchase price, that B took
said lots with notice of and subject to the rights of the occu-
pant of the corner lot, and that a deduction from the purchase
price of the value of such corner lot, at the time of the convey-
ance, was just and equitable, and a rescission could not be
decreed.

APPEAL to the district court for Lancaster county.
Heard below before CHAPMAN, J.

*Bush & Comstock,* for appellants:

The contract of conveyance is an entire and inseparable
one, and consequently cannot be rescinded in part and en-
forced as to the residue. (*Miner v. Bradley,* 22 Pick.

[Mass.], 457; 1 Wait, Actions & Defenses, 75; *Kelly v. Humboldt Fire Ins. Co.*, 5 Cent. Rep. [Pa.], 484; *Gottsman v. Ins. Co.*, 56 Pa. St, 210; *Fire Ass'n v. Williams*, 26 Id., 196; 2 Parsons, Contracts, 521; *Coos Bay Wagon Co. v. Crocker*, 4 Fed. Rep. [Ore.], 577; *White v. Brown*, 2 Jones [N. Car.], 403; *Dula v. Cowles*, Id., 454; 2 Parsons, Contracts, 520; 1 Bouvier, Law Dic., 167; *Sinclair v. Bowles*, 9 B. & C. [Eng.], 92 *; *Quigley v. De Hass*, 82 Pa. St., 267; *Cox v. R. Co.*, 44 Cal., 18; *Coburn v. Hartford*, 38 Conn., 290; *Barker v. Reagan*, 4 Heisk. [Tenn.], 590; *Norrington v. Wright*, 5 Fed. Rep. [Pa.], 768; *Havemeyer v. Wright*, Id., 773; *Pope v. Porter*, 7 N. E. Rep. [N. Y.], 304; *Chicago v. Sexton*, 2 N. E. Rep. [Ill.], 263; *Daniel v. Mitchell*, 1 Story C. C. [U. S.], 173; *Glassell v. Thomas*, 3 Leigh [Va.], 113; *Barth v. Dewell*, 19 Pac. Rep. [Colo.], 471; *Fleetwood v. Brown*, 9 N. E. Rep. [Ind.], 353; *Stimson v. Helps*, 10 Pac. Rep. [Colo.], 290; *Dane v. Derber*, 28 Wis., 218; *Fisher v. Probart*, 5 Hay. [Tenn.], 75; *Raymond v. Bearnard*, 12 Johns. [N. Y.], 274; *Hendricks v. Goodrich*, 15 Wis., 679; *Jewett v. Petit*, 4 Mich., 508; *Weeks v. Robie*, 42 N. H., 316.) As appellees cannot convey, appellant should be permitted to rescind. (Maxwell, Pl. & Pr., 632 and note; *Dakota Stock Co. v. Price*, 22 Neb., 108.)

*Harwood, Ames & Kelly, contra:*

It is a general rule that an executed contract will not be rescinded for fraud or mistake except in extreme cases; but the parties will be left to their ordinary remedies upon their covenants. (Warvelle, Vendors, 844; *Nace v. Boyer*, 30 Pa. St., 99; *Booth v. Ryan*, 31 Wis., 45; *Smith v. Hughes*, 50 Id., 621; *Major v. Dunnavant*, 25 Ill., 262; *Griffin v. Reynolds*, 17 How. [U. S.], 609; *Dougherty v. Duval*, 9 B. Mon. [Ky.], 57; *Raines v. Calloway*, 27 Tex., 678; *Boyle v. Edwards*, 114 Mass., 373; *Dimmick v. Lockwood*, 10 Wend. [N. Y.], 142.)

MAXWELL, CH. J.

The plaintiffs brought an action against the defendants in the district court of Lancaster county, to foreclose a mortgage upon lots 23 and 24 in Kimmel & Van Duyn's subdivision to Lincoln. The mortgage was given by the defendants to secure the payment of two promissory notes, one being for $300 and the other for $350, for the unpaid purchase price of the lots.

The answer of the defendants, in substance, is that the plaintiffs sold and conveyed both of said lots to them for the sum of $925; that $325 were paid at the time of said purchase and the two notes in question secured by mortgage on the lots given for the remainder; that the plaintiffs represented that they were the rightful owners of both of said lots, when in fact they had no title to lot 24, as the same belonged to Lou R. Izard; that lot 24 was a corner lot and worth a great deal more than lot 23, and that to secure both lots together was the sole object of said purchase, etc. The defendants thereupon pray for a rescission of said contract. On the trial of the cause the court below found the relative value of the lots at the time of the purchase to be as follows: Lot 23 the sum of $425 and lot 24 $550, and that the defendant's title to lot 24 had failed. The defendants were therefore entitled to a credit of $550 on said notes as of their date, and a decree of foreclosure and sale was rendered for the residue, viz., $120 and costs.

It appears from the testimony that lot 24 had been sold by the plaintiffs to Lou R. Izard before said lot was sold to the defendants; that the plaintiffs had given her a contract of sale, but she seems to have paid nothing on the lot at the time of the sale to the defendants. She had erected a house thereon, however and was residing therein as the defendants well knew. A son of the defendants who made the purchase testified as follows:

A. Well, I went out to look at this property with a

view to making an investment for my father; went out and looked at the property and this lot was shown in particular; that is the only property that there was anything built on in this subdivision, and they represented this house as being abandoned by the purchaser.

Q. State what, if anything, was said about the title to the property.

A. They represented that the title was in them.

Q. I will ask you if there was any building on either of these lots?

A. There was a building on lot 24.

Q. Now you may state what, if anything, was said with reference to that building and how it came there?

A. They represented that they had sold—

COURT: Tell what they said. In other words, state what the agreement was.

A. They said the parties that had built the house had a contract that had been forfeited at that time, and that lot had reverted back to them, thereby giving them title to sell it, and so far as the house is concerned the parties had never paid anything for the material or labor in the building, and that it would probably be foreclosed by mechanics' liens, and possibly I could buy it at less than it was worth rather than have the house moved from the lot.

Q. This house was reserved in the deed, as shown by the deed?

A. Yes, sir.

Q. State what, if anything, was said about the advantage of having two lots together, with reference to the frontage.

The plaintiff objects, as immaterial and irrelevant. Sustained.

Q. Did they give you the regular list price for those lots separately?

A. Yes, sir.

Q. What was the price of them separately?

A. Five hundred and fifty dollars for the corner and $450 for the inside lot.

So far as appears all the facts stated were substantially true. The house on lot 24 is excepted in the deed to the defendants. The defendants, therefore, purchased said lots with the knowledge that there was an outstanding contract for the sale of the same; that the purchaser had erected a house on the lot and was then residing therein. It is true the plaintiff claimed that the contract had been forfeited because of non-payment, but it was evident to the most casual observer that the occupant had rights there which she might assert in court. The house, he was informed, had been built by her, and although it was supposed there were mechanic's liens against it, yet it nowhere appears that he had reason to suppose that the occupant would be unable to pay the liens, and that the property would be sold thereunder; and even if it was, owners of the liens would be entitled to whatever rights in the lot, the person who had erected the house possessed therein. In any event the agent knew that others had rights in the property, and he purchased subject to those rights. Common prudence would have induced the son to call upon the occupants of lot 24 to ascertain what rights she claimed in the property. She had erected a dwelling thereon. So far as appears it was her home, and the defendants could not expect that she would surrender it unless compelled to do so by a decree of the court. The knowledge of the son in these respects is the knowledge of the defendants and they are bound thereby. The case, therefore, is that of one who purchases subject to the rights of another, and no foundation is laid for a rescission of the contract. The deduction made from the purchase price for the failure to convey lot 24 is just and equitable. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.